

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXX
WILL WILSON
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable John W. Crudgington
County Auditor
Potter County
Amarillo, Texas

Dear Sir:

Opinion Number 0-5493
Re: Construction of the decision
in the Cochran County Mandamus
Suit in the Supreme Court of
Texas.

We are in receipt of your letter of recent date, reading as follows:

"With reference to the mandamus proceeding, involving a refunding bond record, filed last April by Cochran County in the Supreme Court of Texas, which recently has rendered a final decision, as we are informed, in favor of the petitioner, will you kindly advise us with respect to the following points of law:

"(a) What is your official construction of the decision?

"(b) What county bonds are elgible for refunding?

"(c) What special procedural requirements, under this ruling, must be met by a county, seeking to refund its outstanding bonds, in crder to prepare a proper record for submission for your approval?

"(d)   In your opinion, is there any reason
why proceedings under this decision
should not be instituted at once by
a county, desirous of refunding its
elgible bonds?

"In view of the many conflicting opinions
current, regarding the proper construction of
this law, as it now stands, we beg to submit
that a comprehensive, forthright, official
statement from your office, to clarify the sit-
uation, would be of inestimable value at this
time to county officials throughout the state,
to enable them to appraise the opportunities
intelligently and to protect the legal rights
of their respective counties."

Your questions are answered in their order as fol-
lows:

(a)   Our construction of the opinion is that the At-
torney General is required to approve the Cochran County
bonds issued to refund Cochran County Courthouse bonds.   The
original bonds sought to be refunded were issued under Chap-
ter 1, Title 18, Revised Statutes 1911.  The opinion of the
court declares:

"As we construe the above statute, where bonds
are issued under the Chapter therein referred to,
if the Commissioners' Court at the time the bonds
are issued makes no provision concerning its right
to redeem the bonds prior to their maturity, they
may be redeemed at the pleasure of the county at
any time after five years after the issuance there-
of.  However, the Commissioners' Court may, by an
appropriate order entered at the time the bonds
are issued postpone the date after which the bonds
may be redeemed to not exceeding ten years from the
date of their issuance." (Underlining ours)

Chapter 1, Title 18, Revised Statutes of 1911, is now Chapter 2, Title 22, Revised Statutes of 1925.

(b) We construe the opinion of the court as being applicable only to county bonds issued under authority of Article 610, Revised Statutes 1911 (now Article 718, Revised Statutes 1925). This statute provides that the Commissioners' Court of a county, pursuant to an election duly held, may issue the bonds of such county for the following purposes:

1. To erect a county courthouse and jail, or either;

2. To purchase suitable sites within the county and construct buildings thereon to provide homes or schools for dependent and delinquent boys and girls or for either;

3. To establish county poor homes and farms in the county;

4. To purchase and construct bridges for public purposes within the county or across a stream that constitutes a boundary line of the county;

5. To improve and maintain the public roads in the county.

When the Commissioners' Court shall deem it advisable to issue bonds for both the purchase or construction of bridges and improvement and maintenance of the public roads, both questions may be submitted and voted on as one proposition.

The Supreme Court confined its opinion only to bonds issued under Chapter 1, Title 18.

We cannot, of course, determine what effect the Supreme Court would give said opinion in construing other statutes relating to bond issues.

Honorable John W. Crudgington, page 4  0-5493


       (c)   There are no special procedural requirements.
The refunding bonds may be issued as any other refunding
bonds issued to refund optional bonds.  The court should
adopt a resolution authorizing the publication of call
notice, a copy of such notice to be supplied to the paying
agent names in the outstanding bonds, and published in such
papers of general circulation as shall be designated in the
resolution.

       (d)   We think that whether a county proceeds to re-
fund its bonds under the decision of the  upreme Court in
the Cochran County case is a matter within the discretion of
the Commissioners' Court.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By               C. F. Gibson
                    Assistant


CFG-s/PAM

APPROVED AUG 6 1943
GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
BY BWB, CHAIRMAN